**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROSE T. GOODE,

Plaintiff,

v. CIVIL ACTION NO. 5:07-cv-00512

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

**MEMORANDUM OPINION**

This is an action seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff Rose T. Goode's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. By Standing Order filed on August 17, 2007, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings and a recommendation (PF&R), pursuant to 28 U.S.C. § 636(b)(1)(B). On August 27, 2008, the magistrate judge filed his PF&R recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings [Docket 12], grant Defendant's Motion for Judgment on the Pleadings [Docket 14], affirm the final decision of the Commissioner, and dismiss the action from the Court's docket. Plaintiff filed timely objections to the magistrate judge's PF&R on September 8, 2008. The briefing is complete and the matter is now ripe for the Court's consideration.

## *I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R. Relevant to the Court's consideration, Plaintiff was born on December 17, 1958, and was forty seven years old at the time of her final hearing before the ALJ. She has a high school education, and has experience working as a certified nursing assistant, waitress, and retail clerk. Plaintiff initially filed an application for disability insurance benefits (DIB) on March 23, 2004. In her application, Plaintiff claimed a disability based on osteoarthritis, rheumatoid arthritis, disc problems in her back, asthma, eczema, severe allergies, and dyslexia. The claim was denied originally and upon reconsideration, and Plaintiff requested a hearing before an ALJ on November 23, 2004. After numerous hearings before the ALJ regarding Plaintiff's claims, the Commissioner's decision became final on July 11, 2007. Plaintiff subsequently filed the instant action seeking judicial review pursuant to 42 U.S.C. § 405(g).

## *II. STANDARD OF REVIEW*

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

The Court's review in this case is limited to determining if the factual findings of the administrative law judge (ALJ) are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are supported by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## *III. ANALYSIS*

The Social Security Regulations set forth a sequential evaluation for the evaluation of DIB claims. 20 C.F.R. § 404.1520. If a claimant is found not to be disabled at any step of the evaluation, benefits are denied and further evaluation is unnecessary. *Id.* The first inquiry is whether the

claimant is currently engaged in substantial gainful employment. *Id.* If the claimant is not, the ALJ must determine whether the claimant suffers from a severe impairment. *Id.* If the ALJ finds an impairment, the ALJ must determine whether it meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* If the impairment meets or equals any of those listed impairments, the claimant is found to be disabled and awarded benefits; however, if the impairment does not, the ALJ must proceed to the fourth step of the evaluation: whether the impairment prevents the performance of past relevant work. *Id.* Finally, if the claimant establishes that the impairment prevents the performance of past relevant work, the burden shifts to the Commissioner to show that the claimant, in consideration of his or her physical and mental capacities, age, education, and prior work experience, is able to engage in other forms of substantial gainful employment and that such employment exists in the national economy. *Id.*

Plaintiff raises three objections to the PF&R: 1) Plaintiff objects to the magistrate judge's finding that the ALJ gave adequate consideration to the Plaintiff's testimony regarding her pain and impairment; 2) Plaintiff contends that the magistrate judge erroneously accepted the ALJ's findings as to the relative credibility of Plaintiff's treating and examining doctors; and 3) Plaintiff argues that the magistrate judge should have found that the ALJ improperly relied on the testimony of the vocational expert regarding Plaintiff's impairment. The Court has reviewed the subject of each objection de novo, and will address each in turn.

*A. Weight of Plaintiff's Testimony*

The ALJ first found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date, January 24, 2004. The ALJ then found that Plaintiff's asthma and degenerative disc disease of the lumbar spine constitute severe impairments, however, he found that those

impairments did not meet or equal any of the listings contained in Appendix 1. In so finding, the ALJ determined that Plaintiff's subjective complaints regarding her pain were not credible because they were "inconsistent with the objective medical evidence, treatment regimen, and the evaluations of various examining and treating medical sources." (Tr. at 22.) When addressing this issue, the magistrate judge found that the ALJ applied the proper legal standard and that the determination was supported by substantial evidence. Plaintiff takes issue with this finding, arguing that "there is no explanation, on page 22 of the transcript[,] of what precisely caused [the ALJ] to discredit [Plaintiff's] testimony other than a general assertion that it was inconsistent with the record." (Docket 16 at 2.) Plaintiff further states that by discrediting her testimony, the ALJ essentially required her to "document the extent or intensity of her pain and its consequent limitations." (*Id.*)

A determination of whether a claimant is disabled by pain or other symptoms is a two-step process. First, the ALJ must determine that there is objective medical evidence showing "the existence of a medical impairment 'which could reasonably be expected to produce' the actual pain, in the amount and degree, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. § 404.1529(b); and *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990)). Second, if such a determination is made, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Craig*, 76 F.3d at 595 (citing 20 C.F.R. § 404.1529(c)(1)). For the second prong, the claimant is "entitled to rely exclusively on subjective evidence." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006); *see also Fulcher v. Astrue*, 554 F. Supp. 2d 606, 610 (E.D.N.C. 2008) ("[P]ain alone can be disabling. So long as a condition exists that would cause the alleged pain, there need not be objective medical evidence of

the intensity of such pain, or even evidence of the pain existing at all."). A claimant's assessment of her own pain is given much weight, however, the assessment is not controlling:

> Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Craig*, 76 F.3d at 595. Further, because the ALJ has the opportunity to personally observe the claimant and other witnesses, his determination of credibility is to be afforded great weight. *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

Here, the ALJ set forth the objective medical evidence based on the reports of Dr. Alexander, who determined that Plaintiff "should be able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently," "stand for approximately twenty minutes out of an hour for a total of three hours of an eight-hour workday[,]" and "would be limited to fifteen minutes of walking at a time . . . for six hours out of an eight-hour day[,]" and Dr. Stevens, who "testified to essentially the same limitations that were assessed by Dr. Alexander [but with] a lesser level of limitation with regard to the ability to stand/walk." (Tr. at 19.) The ALJ discredited the testimony of Plaintiff's treating physician, Dr. Barit, because his opinion was conclusory, contained no treatment notes relating the severity of the impairments to the alleged limitations, and was "primarily based on [Plaintiff's] self-reported symptoms." (Tr. at 22.) The ALJ then found that, "[a]lthough [Plaintiff] may suffer from some limitations due to impairments as listed above, [her] testimony is not credible to the extent that it is construed to mean that her limitations are so severe that she cannot engage in any work activity." (*Id.*)

Although it is unclear whether the ALJ's determination is addressed to the first or second step, the distinction is without a difference—the determination is in accord with the proper legal standard and is supported by substantial evidence. The ALJ did not base his determination on Plaintiff's lack of objective medical evidence or documentation, rather, he based it on the conflict between Plaintiff's testimony that her pain was completely disabling and the reports of Dr. Alexander and Dr. Stevens that she was able to perform light work. As the ALJ put it, these "objective signs and clinical findings indicate a higher level of functioning than that alleged by [Plaintiff] at the hearing." (Tr. at 22.) This inconsistency alone provides a sufficient basis for the ALJ to discredit Plaintiff's testimony.[1] *See Craig*, 76 F.3d at 595. Based on the foregoing analysis, Plaintiff's objection is **OVERRULED**.

*B. Assessment of Medical Source Opinions*

Plaintiff next objects to the magistrate judge's finding that the ALJ accorded proper weight to the medical opinions of Dr. Barit, Dr. Alexander, and Dr. Stevens. Specifically, Plaintiff contends that the ALJ improperly credited the opinions of medical experts Dr. Alexander and Dr. Stevens, who testified at the hearing, "because of their testimony that there was no documentation to support the claimant's complaints[.]" (Docket 16 at 3.) This contention seems to refer back to the previous objection regarding the ALJ's discrediting of Plaintiff's testimony. As stated above, the ALJ is not required to credit a claimant's testimony where that testimony is inconsistent with the objective medical evidence on record. *Craig*, 76 F.3d at 595.

---

[1] To the extent that Plaintiff argues that the ALJ offered no explanation "of what precisely caused him to discredit the testimony other than a general assertion that it was inconsistent with the record[,]" (Docket 16 at 2), it is self-evident from the ALJ's recitation of the objective medical evidence, contrasted with the ALJ's recitation of Plaintiff's testimony, that the two are inconsistent. No further explanation is necessary.

Plaintiff further takes issue with the ALJ's decision to credit the opinions of medical experts Dr. Alexander and Dr. Stevens and to discredit the opinion of Plaintiff's treating physician, Dr. Barit.[2] Finally, Plaintiff objects to the magistrate judge's failure to recommend that the case be remanded after he found that the ALJ improperly overlooked internal discrepancies in Dr. Barit's report, in violation of 20 C.F.R. § 404.1512(e).

The ALJ is required to evaluate medical opinions taking into account the factors set forth in 20 C.F.R. § 416.927(d): (1) length of the treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportablity; (4) consistency; (5) specialization; and (6) other factors. Typically, more weight is given to a treating source than an examining source, and to an examining source than a non-examining source. *Id.* However, a treating source's opinion is given "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996).

As noted by Magistrate Judge VanDervort, "an ALJ may consider opinions from medical experts on the nature and severity of a claimant's impairments and whether a claimant's impairments equal the requirements of any Listing impairment." (Docket 15 at 24) (citing 20 C.F.R. § 404.1527(f)(2)). Moreover, as the magistrate judge correctly noted, the opinions of Dr. Alexander and Dr. Stevens are consistent with the opinion of the state agency medical consultant and the limitations described in Dr. Barit's treatment notes. (Tr. at 19-23) (*see also id.*) (citing *Smith v.*

---

[2] Presumably, this is the issue Plaintiff is attempting to raise on page 4 of her brief: "Dr. Stevens and Dr. Alexander [] based their inability to document to find an impairment on the lack of document they found from either their review of the record or what they could observe in the claimant at the hearing. Dr. Barit, on the other hand, actually saw and treated [P]laintiff over an extended period of time." [sic] (Docket 16 at 4.)

*Schweiker*, 795 F.2d 343, 356 (4th Cir. 1986) ("[T]he testimony of a non-examining physician can be relied upon when it is consistent with the record . . . . [I]f the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand.") Based on those consistencies, the ALJ was entitled to credit the opinions of Dr. Alexander and Dr. Stevens. Accordingly, his determination on this issue is supported by substantial evidence.

Finally, Plaintiff objects to the magistrate judge's finding that the ALJ properly discredited Dr. Barit. In his opinion, the ALJ articulates four reasons for discrediting Dr. Barit's opinion: (1) the form on which he rendered his opinion was conclusory and did not set forth sufficient findings, observations, analysis of symptomatology and underlying pathology; (2) the form appeared to have been completed by two different people as evidenced by two different types of handwriting; (3) the form contained no treatment notes to address the severity of the impairments and their correlation to the alleged limitations; and (4) the opinion was inconsistent with the record as a whole. (Tr. at 22.)

Although Magistrate Judge VanDervort found that these reasons are supported by substantial evidence, Plaintiff disputes that finding. In support of her objection, Plaintiff baldly asserts, without citing any law or pointing to any specific part of the record, that "a doctor cannot express conclusions in a other than conclusionary manner[,]" [sic], and that "the doctor's treatment notes do support his conclusions." (Docket 16 at 3-4.) The Court has reviewed Dr. Barit's report and notes that the ALJ's assessment is correct: Dr. Barit's report is mostly a fill-in-the blank type form that requires the physician to check off appropriate conclusions regarding a claimant's limitations and offers very little in terms of findings, observations, analysis or treatment notes to support those

conclusions. (Tr. at 374-77.) Accordingly, the Court **FINDS** that the ALJ's determination as to this issue is supported by substantial evidence.

Regarding the issue with the handwriting, the magistrate judge correctly noted that "it was error for the ALJ to discredit [Dr. Barit's opinion] without taking measures to clarify the ambiguity regarding the handwriting." (Docket 15 at 23.) The magistrate judge also stated that "the ALJ cited other reasonable explanations for crediting the opinions of Dr. Alexander over those of Dr. Barit." (*Id.* at 24.) Plaintiff, in her brief, contends that this finding "requires, at a minimum, a remand to the ALJ to consider the evidence under the proper standards." (Docket 16 at 3.) The Court agrees with the magistrate judge that, "[t]o the extent that the ALJ may have erred by failing to re-contact [Dr. Barit], . . . it was harmless error because there remains substantial evidence in the record supporting the ALJ's decision." *Streeter v. Apfel*, 230 F.3d 1368, 2000 WL 1195597 at **1 (9th Cir. Aug. 7, 2000) (unpublished). Accordingly, Plaintiff's objection on this issue is **OVERRULED**.

*C. Hypothetical Questions*

Finally, Plaintiff objects to Magistrate Judge VanDervort's finding that the ALJ properly relied on the testimony of the vocational expert (VE) at the administrative hearing. First, Plaintiff contends, "Since the record in this claim does not support a finding that the claimant can perform work at the light level[,] the vocational expert's answers to questions did not consider the full range of the claimant's impairment." (Docket 16 at 4.) The law on this issue is clear: "An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). As noted above, the ALJ's finding that Plaintiff can perform light work is supported by substantial evidence. Accordingly, the ALJ was bound to base his hypothetical question on that

finding. Because the ALJ properly formulated the hypothetical question in accord with his findings as to Plaintiff's limitation, Plaintiff's objection on this point is without merit.

Next, Plaintiff posits, contrary to the findings of the magistrate judge, that the ALJ erred in finding that Plaintiff could perform the duties of a general office clerk. In support of this argument, Plaintiff points out that the VE "expressed doubt as to the claimant's ability to functional [sic] at the marginal level of educational impairment." (Docket 16 at 4.) Plaintiff further states that when her impairments "are considered all together the VE actually responded that these limitations would preclude all work activity." (*Id.*) Regarding Plaintiff's educational impairment, the ALJ found a "low level of functioning as articulated in Exhibit 15F[,]" which states that she had "compromised ability regarding mathematics" and could read and spell "on the fifth grade and second grade levels, respectively." (Tr. at 24.) Based on that finding, the ALJ was bound to consider the VE's answer to the hypothetical questions that included those limitations. *See Osenbrock*, 240 F.3d at 1163. In this case, the VE determined that Plaintiff could work as a general office clerk, however, only "a third of those [jobs] could be valid."[3] (Tr. at 125.) Regarding Plaintiff's allegation that the VE stated that her limitations precluded all work activity, that statement was in response to the hypothetical question assuming both Plaintiff's physical limitations and the limitations stated in Exhibit 5F, which the ALJ did not find to be valid. (Tr. at 127-28.) Accordingly, Plaintiff's assertion on this issue is without merit.

---

[3] Upon examination of the transcript from the administrative hearing, it appears as though the VE determined that the impact of Exhibit 15F on the hypothetical question would mean "the ability to do all of the office work jobs should still be there." (Tr. at 126.) This answer is in contrast to the ALJ's determination that Exhibit 15F would preclude two-third of the office work jobs, (Tr. at 25), and would result in a greater number of jobs available to Plaintiff than the number found by the ALJ to be significant.

Plaintiff lastly contends that "the mere fact that she testified that she could indeed read and write her name and simple words does not support the ALJ's findings that she could somehow perform the duties of a general clerk." (Docket 16 at 4.) Plaintiff is correct. The ALJ relied mostly, if not solely, on the testimony of the VE that she could perform the duties of a general office clerk. (Tr. at 25.) Plaintiff also states that "it was error for the ALJ to use his own leading question to the VE as a sole basis for the determination that the claimant could somehow perform two thirds of the available jobs as a general clerk." (Docket 16 at 4.) Upon examination of the Transcript, the Court is unable to find a leading question. Presumably, Plaintiff is referring to the question preceding the VE's statement that the number of office jobs would be reduced by two-thirds:

> Okay. So, there would be a significant impact. The flip side of the coin is, would there still be a significant number of the – of jobs available. More specifically, would – in, in the regional economies, would there be 1,000 of each of the jobs, or 1,000 total of the three jobs combined?

(Tr. at 125.) The question is not leading; it is sufficiently open-ended to allow the VE to answer appropriately. In fact, the VE did not answer the question directly. Rather, he stated that the bookkeeping and accounting jobs would be eliminated and that the general office jobs would be reduced to a third. Thus, Plaintiff's assertion here is without merit.

Based on the foregoing, the Court **FINDS** that the ALJ's reliance on the testimony of the VE is supported by substantial evidence and Plaintiff's objection on this issue is accordingly **OVERRULED**.

*IV. CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections [Docket 15], **ADOPTS** findings and recommendation contained in the PF&R [Docket 16], **DENIES** Plaintiff's Motion for Judgment on the Pleadings [Docket 12], **GRANTS** Defendant's Motion for Judgment

on the Pleadings [Docket 14], **AFFIRMS** the final decision of the Commissioner and **DISMISSES** the action from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to counsel of record and any unrepresented party.

ENTER: September 29, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE